## Walter J. McMurray, Appellee, v. Peoria Railway Terminal Company, Appellant.

### Gen. No. 6,463.    (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEO-
DORE N. GREEN, Judge, presiding. Heard in this court at the April
term, 1917. Affirmed. Opinion filed August 7, 1917.

### Statement of the Case.

Action by Walter J. McMurray, plaintiff, against
Peoria Railway Terminal Company, defendant, to re-
cover damages for personal injuries. From a judg-
ment for plaintiff for $1,500, on remittitur, defendant
appeals.

JACK, IRWIN & JACK, for appellant.

WEIL & BARTLEY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the
court.

### Abstract of the Decision.

1. RAILROADS, § 599*—*when evidence shows giving of signal
by crossing flagman to proceed, causing collision.* Evidence *held*
sufficient to warrant the finding that defendant's crossing flagman
signaled the train of another railroad on which plaintiff was em-
ployed as brakeman to come on, as a result of which a collision oc-
curred at the crossing and plaintiff was injured.

2. APPEAL AND ERROR, § 1000*—*when question of admissibility of
evidence will not be reviewed.* Where neither the abstract nor the
record showed an offer of evidence urged on appeal as having been
made and refused or that the matter was brought to the attention
of the court by question or otherwise or that the court ruled upon
it, *held* that the question involved in such evidence was not pre-
sented for review.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Edwall v. C., R. I. & P. Ry. Co., 208 Ill. App. 489.

3. RAILROADS—*when instruction on right of recovery for negligence of railroad company colliding with train of another is correct.* In an action by a brakeman of one railroad company against another railroad company to recover for injuries received in a collision at a railroad crossing, an instruction to the effect that if the jury believed from the evidence that plaintiff was exercising due care for his own safety and defendant was negligent, plaintiff would have a right to recover damages to the extent sustained, *held* to be proper notwithstanding it did not include also the statement that defendant would not be liable if plaintiff's employer at the time was negligent, or equally negligent, or contributed to the accident, as that was matter of defense.

4. DAMAGES, § 211*—*when instruction on prospective is correct.* An instruction concerning prospective damages, *held* proper as given where there was evidence of consequences following plaintiff's injuries, of weakness of sight of an injured eye, of continued trouble with one wrist following the injury, and of intermittent headaches continuing after injury.